UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00476-GNS

TURKOISE KENNEDY et al.                                        PLAINTIFFS

v.

PRIME HYDRATION, LLC et al.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 41). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

### I. BACKGROUND

In 2023, Defendants Logan Paul ("Paul"), and Olajide Olayinka Williams Olatunji ("KSI"), two popular YouTubers, launched Prime Energy, which is a zero-sugar, flavored electrolyte energy drink that contains 200 milligrams of caffeine per can. (Am. Compl. ¶¶ 2-4, 7, DN 26). Prime Energy's launch came one year after Paul and KSI released Prime Hydration, a non-caffeinated sports drink with a similar color scheme and flavor selection. (Am. Compl. ¶¶ 45, 68).

Plaintiffs Turkoise Kennedy and Jamal Harper (jointly "Plaintiffs") allege that Paul and KSI use their social media presence and Prime Energy's flavors, colors, alleged health benefits, and similarity to Prime Hydration to market the drink to children, who cannot consume that much caffeine without serious health risks or complications. (Am. Compl. ¶¶ 15, 24, 49-50, 59-62, 68, 95-96). Plaintiffs, on behalf of themselves, their minor sons, and all those similarly situated, sued Paul; KSI; and Defendants Prime Hydration, LLC, and Congo Brands, LLC, asserting various consumer protection and tort claims under California and Kentucky law. (Compl. ¶¶ 88-173, DN

1). Prime Hydration, LLC and Congo Brands, LLC (jointly "Defendants") moved to dismiss Plaintiffs' Complaint, but the Court denied the motion as moot after granting Plaintiffs' motion to amend. (Defs.' 1st Mot. Dismiss, DN 19; Order, DN 28; Order, DN 39). Plaintiffs' Amended Complaint asserts a similar collection of California and Kentucky consumer protection and tort claims.[1] (*See* Am. Compl. ¶¶ 110-203). Defendants now move to dismiss Plaintiffs' Amended Complaint. (Defs.' 2d Mot. Dismiss 1-4, DN 41 [hereinafter Defs.' Mot.]).

## II.     JURISDICTION

The Court has subject-matter jurisdiction based upon the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).

## III.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the

---

[1] Neither Paul nor KSI has been served with summons at this juncture.

claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

Fraud or other claims that "sound in fraud" must meet the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a party to "state with particularity . . . the circumstances constituting fraud or mistake." *Kolominsky v. Root, Inc.*, 100 F.4th 675, 683 (6th Cir. 2024) (internal citation omitted) (citing Fed. R. Civ. P. 9(b)). In general, that means that the plaintiff must "specify 1) what the fraudulent statements were, 2) who made them, 3) when and where the statements were made, and 4) why the statements were fraudulent." *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 562 (6th Cir. 2013) (citing *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)). "[W]hen a complaint involves multiple defendants, 'each defendant's role must be particularized with respect to their alleged involvement in the fraud.'" *GMAC Mortg., LLC v. McKeever*, No. 08-459-JBC, 2010 WL 3470312, at *2 (E.D. Ky. Aug. 31, 2010) (quoting *Anderson v. Pine S. Cap., LLC*, 177 F. Supp. 2d 591, 597 (W.D. Ky. 2001)) (citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

### IV. DISCUSSION

#### A. Motion to Dismiss

In their Amended Complaint, Plaintiffs assert the following: violations of the California Consumers Legal Remedies Act ("CLRA") (Count I), the California False Advertising Law ("CFAL") (Count II), the California Unfair Competition Law ("CUCL") (Count III), and the Kentucky Consumer Protection Act ("KCPA") (Count IV), along with claims for negligent misrepresentation (Count V), fraudulent misrepresentation (Count VI), unjust enrichment (Count

3

VII), and public nuisance (Count VIII). (Am. Compl. ¶¶ 110-203). Defendants seek dismissal of each count. (Defs.' Mot. 3-4).

### 1. *The Fraud Claims (Counts I-VII)*

Defendants argue that Counts I-VII of the Amended Complaint should be dismissed because they are subject to Fed. R. Civ. P. 9(b)'s heightened pleading standard and Plaintiffs failed to meet it. (*See* Defs.' Mot. 9-14, 11 n.7). Plaintiffs do not dispute that Counts I-VII sound in fraud. (*See* Pl.'s Resp. Def.'s Mot. Dismiss 6-13, DN 42 [hereinafter Pl.'s Resp.]). Indeed, each of the counts concern Plaintiffs' allegations that Defendants, Paul, and KSI made false and misleading statements to portray Prime Energy as healthy and suitable for children while misrepresenting or omitting facts about the drink's content and risks. (Am. Compl. ¶¶ 115, 126-27, 132-33, 146-47, 160-61, 169-70, 176). Based on these allegations, Counts I-VII are subject to Rule 9(b)'s heightened pleading standard. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (applying the Rule 9(b) pleading standard to the plaintiff's CLRA, CFAL, and CUCL claims that the defendant misrepresented characteristics of its product); *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 741 (W.D. Ky. 2013) (applying Rule 9(b) to a KCPA claim based on misrepresentations); *Republic Bank & Tr.*, 683 F.3d at 248, 253-55 (applying Rule 9(b) to claims of negligent and fraudulent misrepresentation); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 755 (6th Cir. 2012) (applying Rule 9(b) to an unjust enrichment claim based on misrepresentations).[2]

---

[2] The Amended Complaint does not note whether Plaintiffs bring the negligent misrepresentation and unjust enrichment claims under Kentucky or California law. (*See* Am. Compl. ¶¶ 158-165, 174-182). Presumably, Plaintiffs bring them under Kentucky law like their fraudulent misrepresentation and public nuisance claims, which subjects them to the Rule 9(b) pleading standard based on Sixth Circuit precedent. (*See* Am. Compl. ¶¶ 168, 185); *Smith*, 485 F. App'x at 755. Even if not, because Plaintiffs do not dispute that Rule 9(b) applies to those claims, the Court will analyze the two claims under that standard as well. *See Puri v. Khalsa*, 674 F. App'x 679,

4

Plaintiffs have failed to meet Rule 9(b)'s pleading standard to state their fraud claims with particularity. At minimum, Plaintiffs have failed to explain each defendant's involvement in the alleged scheme. The Amended Complaint largely refers to Paul, KSI, and Defendants collectively. (*See* Am. Compl. ¶¶ 55, 66, 70-72, 78-80). While the Amended Complaint does list a couple of alleged misrepresentations by Paul and KSI, it does not attribute any to Defendants or otherwise explain Defendants' involvement in the allegedly false or misleading advertising campaign. (*See* Am. Compl. ¶¶ 65, 85). The "Heightened Allegations" section of the Amended Complaint fares no better. (*See* Am. Compl. ¶¶ 87-94). There, Plaintiffs again refer to Paul, KSI, and Defendants collectively and do not explain the misrepresentations or omissions allegedly attributable to any of them specifically, which is plainly insufficient to meet Rule 9(b)'s requirements. (*See* Am. Compl. ¶¶ 87-94); *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F. Supp. 2d 807, 822 (E.D. Ky. 2013) (explaining that allegations referring to the defendants collectively were insufficient to meet Rule 9(b)); *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 780 (E.D. Mich. 2014) ("Collective references to 'the defendants' or other such categories by themselves fail the specificity test of Rule 9(b)." (citations omitted)). Accordingly, Defendants' motion to dismiss is granted as to the fraud claims.[3]

### 2. *Public Nuisance (Count VIII)*

Plaintiffs also assert a public nuisance claim under Kentucky law. (Am. Compl. ¶¶ 183-203). "A public nuisance is an unreasonable interference with a right common to the general public[,]" which may include "a significant interference with the public health, the public safety,

---

689 (9th Cir. 2017) (applying Rule 9(b) to negligent misrepresentation and unjust enrichment claims because the plaintiff did not dispute that Rule 9(b) applied).

[3] Defendants raise various other arguments that Counts I-VII should be dismissed, but because the claims plainly fail to meet Rule 9(b)'s pleading requirements, the Court need not address them now.

the public peace, and the public comfort or the public convenience . . . ." *Roberie v. VonBokern*, No. 2004-SC-000250-DG, 2006 WL 2454647, at *3 (Ky. Aug. 24, 2006) (quoting Restatement (Second) of Torts § 821B (Am. L. Inst. 1979)), *as modified* (Dec. 21, 2006). Plaintiffs allege that the social media and marketing campaigns promoting Prime Energy constitute a public nuisance because Prime Energy's high caffeine content threatens the public health. (Am. Compl. ¶¶ 186-88).

Defendants move to dismiss the claim on the basis that public nuisance does not apply to the sale of lawful products. (Defs.' Mot. 20-23). Plaintiffs rely on cases interpreting California's broad public nuisance law to allow claims based on the harm from products, but Plaintiffs do not explain how California's conception of a public nuisance compares to Kentucky's. (*See* Pl.'s Resp. 16-18); *see, e.g.*, *Ileto v. Glock Inc.*, 349 F.3d 1191, 1213 (9th Cir. 2003). Indeed, Plaintiffs do not cite any Kentucky cases to support their position, and a review of the caselaw has not revealed a single Kentucky appellate court decision recognizing the application of public nuisance in this context. (*See* Pl.'s Resp. 16-18). Public nuisance cases in Kentucky appear to have been limited solely to real property-based claims. *See, e.g.*, *Alsip v. Hodge*, 283 S.W. 392, 393 (Ky. 1926) (recognizing that obstructing a public street is a public nuisance); *City of Monticello v. Rankin*, 521 S.W.2d 79, 80 (Ky. 1975) (recognizing that a foul odor emanating from a sewage treatment plant is a public nuisance); *Reynolds v. Childers Oil Co.*, No. 2013-CA-000710-MR, 2014 WL 1356672, at *6 n.7 (Ky. App. Apr. 4, 2014) (recognizing that contaminating the public water supply is a public nuisance).

In sum, nothing suggests that Kentucky courts have recognized public nuisance claims in this context, and the Court declines to so extend Kentucky law. *See Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358-59 (6th Cir. 2013) (explaining that when resolving issues

of state law in a diversity case, federal courts "look to the final decisions of that state's highest court, and if there is no decision directly on point, then [they] must make an *Erie* guess to determine how that court, if presented with the issue, would resolve it." (citation omitted)); *Camden Cnty. Bd. of Chosen Freeholders v. Beretta, U.S.A. Corp.*, 273 F.3d 536, 538, 540, 543 (3d Cir. 2001) (per curiam) (rejecting the claim that firearms manufacturers' handgun marketing created a public nuisance, noting that New Jersey had never allowed a public nuisance claim based on products and federal courts should not "expand or narrow state laws in ways not foreshadowed by state precedent"); *Tioga Pub. Sch. Dist. No. 15 of Williams Cnty.* v. *U.S. Gypsum Co.*, 984 F.2d 915, 920 (8th Cir. 1993) (rejecting the claim that manufacturer of asbestos-containing building material created a nuisance, noting that North Dakota had not applied nuisance to the sale of a product and that holding otherwise would "totally rewrite North Dakota tort law").

The courts that do allow public nuisance claims based on similar facts are in the distinct minority. Attempts to use public nuisance to "deal[] with the social costs of legal, yet harmful, products such as guns and lead based paints" have been "generally unsuccessful." 13 David J. Leibson, *Kentucky Practice Series Tort Law* § 14:2 (2023-2024 ed.) (citations omitted); Restatement (Third) of Torts § 8 cmt. g (Am L. Inst. 2020) ("Liability on such theories has been rejected by most courts, and is excluded by this Section, because the common law of public nuisance is an inapt vehicle for addressing the conduct at issue."). Additionally, some courts have expressed reluctance to extend public nuisance to products because "nuisance law 'would become a monster that would devour in one gulp the entire law of tort.'" *Camden Cnty. Bd. of Chosen Freeholders*, 273 F.3d at 540 (quoting *Tioga Pub. Sch. Dist. No. 15 of Williams Cnty.*, 984 F.2d at 920). Accordingly, Plaintiffs' public nuisance claim is dismissed.

### B. Unserved Defendants

As noted above, Paul and KSI were named in the Complaint and Amended Complaint, but the record does not reflect a return of service for either of them. (Return Summons, DN 15; Return Summons, DN 19). Under Fed. R. Civ. P. 4(m), claims asserted against any named defendant are generally dismissed without prejudice if a plaintiff fails to serve any named defendant with 90 days of filing the Complaint. Because more than 90 days have passed, the Court will give Plaintiffs the opportunity to show cause why the claims asserted against Paul and KSI should not be dismissed without prejudice.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss (DN 41) is **GRANTED**. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs are instructed to file a motion for leave to file a Second Amended Complaint by **August 27, 2024**, or this matter will be dismissed.

2. On or before **September 13, 2024**, Plaintiff shall **SHOW CAUSE** why the claims asserted against Defendants Logan Paul and Olajide Olayinka Williams Olatunji should not be dismissed without prejudice for their failure to prosecute. If Plaintiffs fail to respond, the claims asserted against those Defendants will be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Greg N. Stivers, Chief Judge
United States District Court

August 13, 2024

cc: counsel of record