UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00476-GNS

TURKOISE KENNEDY et al.                                    PLAINTIFFS

v.

PRIME HYDRATION, LLC et al.                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint (DN 45) and Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (DN 64). The motions are ripe for adjudication.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiffs Turkoise Kennedy and Jamal Harper (collectively, "Plaintiffs") allege that Defendants Prime Hydration, LLC ("Prime Hydration LLC"), and Congo Brands, LLC ("Congo Brands") (collectively, "Defendants") conducted a marketing and branding campaign and designed the packaging, flavors, colors, and alleged health benefits, of the energy drink, Prime Energy, to be similar to a non-energy drink, Prime Hydration. (Pls.' Mot. Leave File 2d Amend Compl. Ex. A, ¶¶ 13-20, 46-47, 63-87, DN 45-1 [hereinafter 2d Am. Compl.]). This marketing and branding campaign was allegedly designed to appeal to children, who cannot consume large amounts of caffeine without serious health risks or complications. (2d Am. Compl. ¶¶ 13-20, 46-47, 63-87). Prime Energy is a zero-sugar, flavored electrolyte energy drink that contains 200 milligrams of caffeine per can, and Prime Hydration is a non-caffeinated sports drink with a similar color scheme and flavor selection. (2d Am. Compl. ¶¶ 3, 14, 58-62, 68). Prime Hydration LLC is a Kentucky

company that "played a direct role in the branding, marketing, and public relations efforts surrounding Prime Energy," and Congo Brands is the parent company of Prime Hydration LLC and the "primary manufacturer, distributor, advertiser, and marketer of Prime Energy drinks." (2d Am. Compl. ¶¶ 21, 24-25, 80). Plaintiffs, on behalf of themselves, their minor children, and all those similarly situated, sued Defendants, asserting various consumer protection and tort claims under California and Kentucky law. (2d Am. Compl. ¶¶ 101-173).

The Court previously dismissed Plaintiffs' claims because they failed to state a claim under the heightened pleading standard of Fed. R. Civ. P. 9(b), did not plead any allegations as to the individualized conduct of each Defendant, and failed to provide affirmative authority for their public nuisance claims. (Order 5-7, DN 44). Plaintiffs have moved for leave to file a Second Amended Complaint to cure the deficiencies in their original pleading. (Pls.' Mot. Leave File 2d Amend Compl., DN 45). Defendants have moved to file a sur-reply to Plaintiffs' reply. (Defs.' Mot. Leave File Sur-Reply, DN 64).

## II.      JURISDICTION

The Court has subject-matter jurisdiction based upon the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).

## III.      DISCUSSION

### A.      Plaintiffs' Motion for Leave to File a Second Amended Complaint

A motion for leave to file an amended complaint is governed by Fed. R. Civ. P. 15(a)(2) which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a pleading "when justice so requires." *Id*. However, a court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (internal quotation marks omitted) (citation omitted). "[S]o long as the opposing party suffers no prejudice or disadvantage, the court should grant amendments to the complaint." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *1 (W.D. Ky. Oct. 4, 2016) (citing *Cooper v. Am. Emp. Ins.*, 296 F.2d 303, 306 (6th Cir. 1961)).

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (internal quotation marks omitted) (internal citation omitted) (citation omitted).

Fraud or other claims that "sound in fraud" must meet the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a party to "state with particularity . . . the circumstances constituting fraud or mistake." *Kolominsky v. Root, Inc.*, 100 F.4th 675, 683 (6th Cir. 2024) (internal citation omitted) (citing Fed. R. Civ. P. 9(b)). In general, this means that the plaintiff must "specify 1) what the fraudulent statements were, 2) who made them, 3) when and where the

statements were made, and 4) why the statements were fraudulent." *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 562 (6th Cir. 2013) (citing *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)). "[W]hen a complaint involves multiple defendants, 'each defendant's role must be particularized with respect to their alleged involvement in the fraud.'" *GMAC Mortg., LLC v. McKeever*, No. 08-459-JBC, 2010 WL 3470312, at *2 (E.D. Ky. Aug. 31, 2010) (quoting *Anderson v. Pine S. Cap., LLC*, 177 F. Supp. 2d 591, 597 (W.D. Ky. 2001)). However, it "should not be read to defeat the general policy of 'simplicity and flexibility' in pleadings contemplated by the Federal Rules." *United States ex rel. SNAPP, Inc. v. Ford Motor Co. (SNAPP I)*, 532 F.3d 496, 504 (6th Cir. 2008) (quoting *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 678 (6th Cir. 1988)); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006) ("[W]hen deciding a motion to dismiss under Rule 9(b) for failure to plead fraud with particularity, a court must also consider the policy favoring simplicity in pleading . . . ."). Fed. R. Civ. P. 9(b) "should be interpreted in harmony with Rule 8's statement that a complaint must only provide 'a short and plain statement of the claim' made by 'simple, concise, and direct allegations.'" *SNAPP I*, 532 F.3d at 503 (citation omitted).

The proposed Second Amended Complaint contains several revisions to the previously dismissed Complaint. First, Plaintiffs removed their public nuisance claim and narrowed the scope of the claims to the corporate defendants only. (Pls.' Mot. Leave File 2d Amend Compl. 6). Second, they outline individual allegations against Prime Hydration LLC and Congo Brands for "key strategic decisions" that were instrumental in the misleading branding, advertising, and representations of the health risks of consuming Prime products. (Pls.' Mot. Leave File 2d Amend Compl. 3-4, 7). Plaintiffs argue their revised allegations meet the Fed. R. Civ. P. 9(b) pleading

standard. (Pls.' Mot. Leave File 2d Amend Compl. 7-9). Defendants posit that Plaintiffs' amendments still do not pass the dismissal standard set forth in Fed. R. Civ. P. 12(b)(6). (Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 6-8, DN 62). Specifically, Defendants contend that Plaintiffs have not adequately alleged damages, privity, or that either Defendant is in the "business of supplying information[,]" as required for a negligent misrepresentation claim under Kentucky law. (Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 3, 6-8, 21 (citing *United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, No. 3:16-CV-00609-GNS-DW, 2017 WL 3097531, at *7 (W.D. Ky. July 20, 2017))). Defendants also argue that Plaintiffs' proposed amendments are ultimately futile because Plaintiffs have failed to show any misrepresentation or omission on the part of Defendants. (Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 8, 12-14).

### 1. *Fed. R. Civ. P. 9(b)*

This Court previously noted Counts I-VII of the initial Complaint "sound in fraud," requiring a heightened pleading standard under Fed. R. Civ. P. 9(b). (Order 4). Each of these counts in the proposed Second Amended Complaint still allege "that Defendants made false and misleading statements to portray Prime Energy as healthy and suitable for children while misrepresenting or omitting facts about the drink's content and risks." (Order 4; 2d Am. Compl. ¶¶ 106-07, 115-16, 122-24, 137-38, 153-55, 158-60, 167). As Plaintiffs correctly acknowledge, the claims are still subject to Fed. R. Civ. P. 9(b)'s heightened pleading standard. (Pls.' Mot. Leave File 2d Amend Compl. 7-8); *see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (applying the Fed. R. Civ. P. 9(b) pleading standard to the plaintiff's California law claims that the defendant misrepresented characteristics of its product); *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 741 (W.D. Ky. 2013) (applying Fed. R. Civ. P. 9(b) to a Kentucky Consumer Protection Act ("KCPA") claim based on misrepresentations); *Republic Bank & Tr.*,

683 F.3d at 248, 253-55 (applying Fed. R. Civ. P. 9(b) to claims of negligent and fraudulent misrepresentation); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 754-55 (6th Cir. 2012) (applying Fed. R. Civ. P. 9(b) to an unjust enrichment claim based on misrepresentations).

Plaintiffs have met their burden under the heightened standard of Fed. R. Civ. P. 9(b) by alleging "1) what the fraudulent statements were, 2) who made them, 3) when and where the statements were made, and 4) why the statements were fraudulent." *Morris Aviation, LLC*, 536 F. App'x at 562. Their proposed amended complaint delineates each of the allegations under one of the four categories of the Fed. R. Civ. P. 9(b) heightened standard and alleges facially plausible claims as to each Defendant. (2d Am. Compl. ¶¶ 68-76; 80-87).

Plaintiffs allege Congo Brands "managed logistics;" "executed a strategic plan that involved producing, marketing, and distributing;" and "deliberately produced, packaged, and distributed Prime Energy without adequately distinguishing it from the non-caffeinated Prime Hydration and thereby created consumer confusion." (2d Am. Compl. ¶¶ 68-73). Plaintiffs explain the bright colors of the product's packaging akin to Prime Hydration and the label on the back of the can that lists the caffeine content without a more detailed warning are the fraudulent statements. (2d Am. Compl. ¶¶ 3, 14, 58-62, 68, 80). These allegations specify what the fraudulent actions were, and which party made them. Plaintiffs further aver that this action began on January 4, 2023, and the misrepresentations continued as part of an ongoing marketing campaign when Defendants marketed Prime Energy to Plaintiffs and their children and consumed the products. (2d Am. Compl. ¶¶ 70-72). Plaintiffs impute similar conduct, with the same particularity, to Prime Hydration LLC. Plaintiffs allege Prime Hydration LLC made misleading or false statements in advertising campaigns that either hid or "deliberately obscured" health risks in the products "during the putative Class periods" and point to specific examples during September 2022 and

6

August 2023.  (2d Am. Compl. ¶¶ 81-84).  Finally, Plaintiffs allege these statements were fraudulent because the marketing and branding of the highly caffeinated Prime Energy conflated the product with the non-caffeinated Prime Hydration beverage and obscured its nutritional value through the similarity in the colors and packaging.  (2d Am. Compl. ¶¶ 3, 14, 58-62, 68, 73, 75-76, 80, 82, 84, 86-87).  Furthermore, Plaintiffs contend the caffeine content does not warn consumers that consuming this level of caffeine is dangerous for children.  (2d Am. Compl. ¶ 80).  These allegations explain when the fraudulent statements were made and why they were fraudulent.  Plaintiffs characterize their financial harm as the "price premium" for the Prime Energy drinks caused by their purchase and consumption of the product.  (2d Am. Compl. ¶¶ 1, 75-76, 86-87, 93).

Defendants' other counterarguments under Fed. R. Civ. P. 9(b) ultimately fail by addressing the merits of each claim, which is inappropriate under the standard of review under Fed. R. Civ. P. 9(b) or even 12(b)(6).  Defendants do not argue that they would be prejudiced, or that Plaintiffs acted in bad faith.  (Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 8-9). Under Fed. R. Civ. P. 12(b)(6), Plaintiffs' allegations do not need to be meritorious; they only must be "plausible on [their] face."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).  Plaintiffs have met this standard and satisfied the standard of Fed. R. Civ. P. 9(b) for their allegations of fraud.  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted); Fed. R. Civ. P. 9(b).

The Court takes, in turn, each of the Plaintiffs' claims in the Second Amended Complaint and Defendants' counterarguments, where applicable to an individual claim under Fed. R. Civ. P. 12(b)(6):

## 2.    *Counts I, II, and III (California State Law Claims)*

Plaintiffs' claims under California law invoke elements that sound in fraud.  One claim is asserted under the California Consumers Legal Remedies Act, which generally prohibits specific "unfair methods of competition and unfair or deceptive acts or practices . . . undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer . . . ."  Cal. Civ. Code § 1770(a).  Another claim is asserted under the California's False Advertising Law, which bars a business from engaging in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."  Cal. Bus. & Prof. Code § 17500.  The effect on a reasonable consumer determines whether an advertisement is "misleading."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Finally, a claim is asserted under the California's Unfair Competition Law, which prohibits any "unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue, or misleading advertising . . . ."  Cal. Bus. & Prof. Code §§ 17200, 17500.

Plaintiffs allege Defendants devised and carried out a general marketing initiative that branded and marketed Prime Energy in a manner to conflate it with Prime Hydration despite the nutritional difference in the two products, and the disclosure on the can is so "inconspicuous" that Plaintiffs did not see the disclosure nor was the label sufficient to understand the dangerous effects of high caffeine consumption on children.  (2d Am. Compl. ¶¶ 106-07, 110, 112-19, 120-30).  As stated above, Plaintiffs have adequately alleged the fraud elements with the requisite specificity under Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 12(b)(6).

### 3.    *Count IV (Kentucky Consumer Protection Act)*

Plaintiffs assert a claim under the KCPA, which provides a cause of action for an individual who "(1) purchases or leases goods or services (2) for personal, family or household purposes and (3) is injured as a result of a seller's prohibited practice or act.  KRS 367.120; *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 961 (E.D. Ky. 2019) (citing KRS  367.220(1)).  The KCPA deems any practices that are "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" as unlawful.  KRS 367.170.  Defendants argue that Plaintiff must show privity, as required by the KCPA, but Plaintiffs counter that privity exists from the "express warranties" that Defendants made to them as consumers.  (Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 20-21; Pls.' Reply Mot. Leave File 2d Amend Compl. 12-13).  Plaintiffs rely on *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727 (W.D. Ky. 2013), which holds privity may exist in a circumstance where the company had made express warranties directly to the intended consumers.  *Id.* at 743 (citations omitted).  In *Levin v. Trex Co.*, No. 3:10-CV-692-CRS, 2012 WL 7832713 (W.D. Ky. Mar. 2, 2012), this Court stated that "[u]nder Kentucky law, 'an actual and direct promise for the benefit of a third party will be sufficient to create privity between the promisor and the third party beneficiary.'"  *Id.* at *4 (quoting *Louisville Gas & Elec. Co. v. Cont'l Field Sys., Inc.*, 420 F. Supp. 2d 764, 770 (W.D. Ky. 2005)).  This Court has applied *Naiser* and *Levin* to privity analysis under the KCPA, acknowledging that both cases involve a customer who purchased a product, backed by a manufacturer's warranty, from a retailer acting as a middleman.  *See Rapier v. Coloplast Corp.*, No. 3:20-CV-00405-GNS-RSE, 2022 WL 828949, at *4 (W.D. Ky. Mar. 18, 2022).

Plaintiffs do not include information on where they purchased Prime Energy in their proposed Second Amended Complaint.  (2d Am. Compl. ¶¶ 13-20, 46-47, 63-87).  Nevertheless,

they have alleged that Defendants made a general warranty to them when they purchased these products either for themselves or their children, and the products' branding and marketing associated with it made an assertion as to the caffeine content of the beverage. (2d Am. Compl. ¶¶ 15-16, 19-20, 88, 93). For the reasons above, Plaintiff have alleged a plausible claim. (2d Am. Compl. ¶¶ 112-19).

### 4.    *Counts V and VI (Negligent and Fraudulent Misrepresentation)*

The Second Amended Complaint also seeks to assert claims for negligent misrepresentation and fraudulent misrepresentation.[1] To assert a negligent misrepresentation claim, a plaintiff must allege:

> 1) the transaction at issue is one in which the defendant had a pecuniary interest; 2) the defendant supplied false information; 3) the information was supplied for others' guidance in their business transactions; 4) the defendant failed to exercise reasonable care in communicating the information; 5) the plaintiff acted in reliance thereon; and 6) the false information caused injury.

*Helton v. Am. Gen. Life Ins. Co.*, 946 F. Supp. 2d 695, 707 (W.D. Ky. 2013) (citing *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 580-82 (Ky. 2004)). For a claim of fraudulent misrepresentation, a plaintiff must allege:

> (1) that the declarant made a material representation to the plaintiff; (2) that this representation was false; (3) that the declarant knew the representation was false or made it recklessly; (4) that the declarant induced the plaintiff to act upon the misrepresentation; (5) that the plaintiff relied upon the misrepresentation; and (6) that the misrepresentation caused injury to the plaintiff.

*Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (citing *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999)).

---

[1] It is unclear from the Second Amended Complaint that these claims are brought under Kentucky law, but both parties treat the claims as arising under Kentucky law. (Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 20-21; Pls.' Reply Mot. Leave File 2d Amend Compl. 13-14). As such, the Court will analyze the claims under Kentucky law.

For the same reasons discussed above, Plaintiffs have plausibly alleged negligent misrepresentation and fraudulent misrepresentation claims under the standards of Fed. R. Civ. P. 9(b) and 12(b)(6) based on their allegations as to each of the Defendants.  Defendants, however, argue that the negligent misrepresentation claim fails because Defendants are not in the "business of supplying information," but they are merely selling a commercial product.  (Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 21-22).

"Kentucky law permits negligent misrepresentation claims associated with the sale of a product . . . ."  *Gregory v. EzriCare, LLC*, No. CV 23-69-DLB-CJS, 2024 WL 2275232, at *8 (E.D. Ky. May 20, 2024).  "[The] Sixth Circuit has pointed to the Kentucky Supreme Court's acknowledgement of the standard from the Restatement (Third) of Torts:  Products Liability (§ 9), recognizing the tort of negligent misrepresentation in the product-sale context.  *Id*. (citations omitted).  Based on this precedent, Plaintiffs' amendments as to these allegations are not futile, and Plaintiffs' motion is granted on this basis.

### 5.    *Count VII (Unjust Enrichment)*

Plaintiffs seek to assert a claim for unjust enrichment.  To assert such a claim under Kentucky law, a plaintiff must allege: "(1) that a benefit was conferred on the defendant at the plaintiff's expense, (2) a resulting appreciation of that benefit by the defendant, and (3) inequitable retention of that benefit without payment for its value."  *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009).

Defendants contest whether Plaintiffs plausibly received a benefit, as required to state a claim.  (Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 22-23).  Courts have held a benefit is insufficient when the only benefit to the business is a customer paying a premium price for a good that generates a profit.  *Kentucky v. Marathon Petroleum Co., LP*, 191 F. Supp. 3d 694, 706

(W.D. Ky. 2016); *Simpson*, 397 F. Supp. 3d at 974.  Plaintiffs' allegations ultimately claim the unjust enrichment came from the sale of Prime Energy through deceptive and misleading marketing and branding practices.  (2d Am. Compl. ¶¶ 1, 75-76, 86-87, 93).  Accordingly, Plaintiffs have failed to state a claim for unjust enrichment, and their motion is denied as to this claim.

### B.    Defendants' Motion for Leave to File Sur-Reply

Defendants have moved for leave to file a sur-reply to Plaintiffs' motion.  Specifically, Defendants argue that Plaintiffs allege facts and exhibits that were not in their Second Amended Complaint.  (Defs.' Mots. Leave Sur-Reply 1-2).  Plaintiffs did not reply to the motion.

In general, sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 WL 3536038, at *14 (W.D. Ky. Aug. 2, 2019) (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)). Even so, granting leave to file a sur-reply may be appropriate in the district court's discretion when "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation omitted).

In this instance, Plaintiffs included images of the Prime Energy can and the physical packaging, as exhibits, to support the facts and background section of its reply to the motion for leave.  (Pls.' Reply Mot. Leave File 2d Amend Compl. 4, Ex. A, at 2-4, DN 63 [hereinafter Prime Can & Packaging]).  Figure 1 appears to be the same image that Defendants used in their response without the enlarged image of the warning, but the other figures appear for the first time in

Plaintiffs' reply. (Prime Can & Packaging 2-4; Defs.' Resp. Pls.' Mot. Leave File 2d Amend Compl. 5). These exhibits do not raise new arguments because Plaintiffs have already made the argument that the products' packaging created misleading representations—the images merely are used to support these existing allegations, not raise new arguments. (2d Am. Compl. ¶¶ 68-76, 80-87; Prime Can & Packaging 2-4). For this reason, Defendants' motion is denied.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.    Plaintiffs' Motion for Leave to File a Second Amended Complaint (DN 45) is **GRANTED IN PART** and **DENIED IN PART**. All claims asserted shall be permitted to proceed except for the unjust enrichment claim (Count VII). The Clerk shall file the Second Amended Complaint (DN 45-1).

2.    Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (DN 64) is **DENIED**.

Greg N. Stivers, Chief Judge

United States District Court

March 4, 2025

cc:    counsel of record

13