UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00476-GNS

TURKOISE KENNEDY et al.                                          PLAINTIFFS

v.

PRIME HYDRATION, LLC et al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Strike Affirmative Defenses (DN 88). The motion is ripe for adjudication.

### I.       STATEMENT OF FACTS AND CLAIMS

Plaintiffs Turkoise Kennedy and Jamal Harper (collectively, "Plaintiffs"), on behalf of themselves, their minor children, and all those similarly situated, sued Defendants Prime Hydration, LLC, and Congo Brands, LLC (collectively, "Defendants"), asserting various consumer protection and tort claims under California and Kentucky law related to the energy drink, Prime Energy, being marketed and branded similarly to a non-energy drink, Prime Hydration. (2d Am. Compl. ¶¶ 1, 13-20, 46-47, 63-87, 101-173, DN 77).

The Court previously permitted Plaintiffs to file a Second Amended Complaint adding additional claims, but denied the addition of unjust enrichment because Plaintiffs failed to properly state a claim. (Mem. Op. & Order 12-13, DN 76). Plaintiffs now have moved to strike various affirmative defenses raised by Defendants in their Answer. (Pls.' Mot. Strike Affirmative Defenses, DN 88).

## II.     JURISDICTION

The Court has subject-matter jurisdiction based upon the Class Action Fairness Act.  *See* 28 U.S.C. § 1332(d).

## III.     DISCUSSION

"An affirmative defense is a defense that asserts that even if the plaintiff proves every allegation within his complaint, his claims would still fail as a matter of law." *U.S. ex rel. Scott v. Humana, Inc.*, No. 3:18-CV-61-GNS, 2018 WL 4868991, at *2 (W.D. Ky. Aug. 16, 2018). "Stated more simply, an affirmative defense is essentially a 'perhaps, but' defense." *Id*.  In contrast "a negative defense [] . . . is a defense that demonstrates that a plaintiff has not met his burden of proof." *Id*. at *4 (citations omitted).  "A negative defense may be raised at any time during a proceeding, regardless if a defendant has raised it in its answer or not." *Id*.

Fed. R. Civ. P. 8(b) and 8(c) address both defenses and affirmative defenses and require only that a party "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(b)(1)(A), (c)(1). Rule 8(c)(1) sets forth multiple examples of affirmative defenses that includes statute of limitations, laches, and fraud.  Fed. R. Civ. P. 8(c)(1).  Further, Rule 8(c)(2) holds, "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Fed. R. Civ. P. 8(c)(2).

The Sixth Circuit has held an affirmative defense must only be "'pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (internal quotations marks omitted) (citation omitted).  "[A] defense is insufficient if, as a matter of law, the defense cannot

succeed under any circumstances." *Nat'l Credit Union Admin. Bd. v. Novak*, No. 1:15CV1606, 2016 WL 1110249, at *2 (N.D. Ohio Mar. 22, 2016) (citation omitted). Though the Sixth Circuit has not definitively stated whether the heightened pleading standard of *Iqbal* and *Twombly* applies to affirmative defenses, this Court has applied the fair-notice standard in the absence of clarification by the Sixth Circuit and does so here. *See Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 3:19-CV-00014-GNS-LLK, 2020 WL 1430610, at *2 (W.D. Ky. Mar. 23, 2020) (citing *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 (6th Cir. 2012)).

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) allows the court to correct a defect in the pleadings "when the defect 'may affect the merits of the litigation or prejudice one of the parties.'" *Tinsley v. Conn. Gen. Life Ins. Co.*, 744 F. Supp. 2d 637, 639 (W.D. Ky. 2010) (citation omitted). A court has "considerable discretion" when deciding whether to strike pursuant to Rule 12(f). *Thompson v. Hartford Life & Accident Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010) (citing Fed. R. Civ. P. 12(f)). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Striking an affirmative defense "is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown*, 201 F.2d at 822 (citations omitted). "[It] should only be granted when the pleading to be stricken has no possible relation to the controversy." *Maxwell v. City of Columbus*, No. 2:08-CV-264, 2009 WL 10679162, at *2 (S.D. Mar. 27, 2009) (internal quotation marks omitted) (quoting *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822).

Plaintiffs move to strike many of Defendants' affirmative defenses. (Pls.' Mot. Strike Affirmative Defenses 2). These defenses include: the claim under the California Unfair Competition Law fails because Plaintiffs did not show legal remedies are inadequate to correct past harms ("First Affirmative Defense"); the claim under the Kentucky Consumer Practices Act fails since Plaintiffs did not purchase Prime Energy from Defendants directly ("Second Affirmative Defense"); the class is not properly certified as a class action ("Seventh Affirmative Defense"); any false statements or omissions by Defendants are not material nor a proximate cause of Plaintiffs' injury ("Eighth Affirmative Defense"); Plaintiffs did not suffer damages ("Ninth Affirmative Defense"); and any actually sustained damages are too speculative and remote ("Tenth Affirmative Defense"). (Answer 58-61, DN 88). Defendants have withdrawn their third, fourth, and fifteenth defenses, which are: the negligent misrepresentation claim fails because Defendants are not in the business of supplying information ("Third Affirmative Defense"); the unjust enrichment claim fails because Defendants did not confer a benefit on Plaintiffs ("Fourth Affirmative Defense"); and Defendants' reserving the right to assert any other defenses from information that arises during discovery ("Fifteenth Affirmative Defense"). (Defs.' Resp. Pls.' Mot. Strike Affirmative Defenses 4 n.1, DN 94). Plaintiffs withdrew their arguments to the affirmative defenses against Plaintiffs' standing for injunctive relief ("Fifth Affirmative Defense"); the affirmative defense raising Article III standing ("Sixth Affirmative Defense"), and the affirmative defense raising standing for any claims arising from a product that Plaintiffs did not purchase ("Eleventh Affirmative Defense"). (Pls.' Reply Mot. Strike Affirmative Defenses 1, DN 95).

Many of Defendants' arguments that Plaintiffs seek to strike are actually negative defenses rather than affirmative defenses. *U.S. ex rel. Scott*, 2018 WL 4868991, at *2, *4 (discussing the

4

difference between an affirmative defense and a negative defense); (Answer 58-61).  The First Affirmative Defense, Second Affirmative Defense, Seventh Affirmative Defense, Eighth Affirmative Defense, Ninth Affirmative Defense, and Tenth Affirmative Defense are negative defenses because Defendants are arguing Plaintiffs failed to allege the proper elements needed to state a claim or seek relief.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (detailing a plaintiff must allege inadequate legal remedies before seeking equitable restitution under the California Unfair Competition Law); *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 743 (W.D. Ky. 2013) (citation omitted) (discussing the privity requirement to state a claim under the Kentucky Consumer Protection Act claim); *Generation Changers Church v. Church Mut. Ins. Co.*, 693 F. Supp. 3d 795, 820 (M.D. Tenn. 2023) (holding that an affirmative defense against class certification in the defendant's answer was insufficient to defeat the predominance requirement of class certification and improperly raised at that stage of the litigation); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (striking an affirmative defense in a class action suit where the affirmative defense contests that plaintiff failed to argue various required elements to state a prima facie case). Because these are incorrectly raised as affirmative defenses, the Court will strike these defenses, and Plaintiffs' motion is granted to this extent.  Though the Court has stricken these arguments, Defendants may raise these same arguments during a later phase of the litigation as Plaintiffs correctly acknowledge.  *U.S. ex rel. Scott*, 2018 WL 4868991, at *4 (citations omitted); (Pls.' Mot. Strike Affirmative Defenses 3).

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses (DN 88) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is

**GRANTED** as to the First Affirmative Defense, Second Affirmative Defense, Third Affirmative Defense, Fourth Affirmative Defense, Seventh Affirmative Defense; Eighth Affirmative Defense, Ninth Affirmative Defense, Tenth Affirmative Defense, and Fifteenth Affirmative Defense. Because Plaintiffs have withdrawn their arguments, the motion is **DENIED** as to the Fifth Affirmative Defense, Sixth Affirmative Defense, and Eleventh Affirmative Defense. These affirmative defenses shall be permitted to proceed.

Greg N. Stivers, Chief Judge

United States District Court

August 22, 2025

cc:     counsel of record