UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00476-GNS-RSE

TURKOISE KENNEDY, et al. PLAINTIFFS

v.

PRIME HYDRATION, LLC, et al. DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Objection to the Magistrate Judge's July 13, 2026, Memorandum Opinion and Order (DN 138) and Plaintiffs' Motion for Leave to Respond to Defendants' Objection (DN 142).

## I. STATEMENT OF FACTS AND CLAIMS

Plaintiffs Turkoise Kennedy and Jamal Harper (jointly, "Plaintiffs"), on behalf of themselves, their minor children, and all those similarly situated, sued Defendants Prime Hydration, LLC ("Prime"), and Congo Brands, LLC (collectively, "Defendants"), asserting various consumer protection and tort claims under California and Kentucky law related to the energy drink, Prime Energy, being marketed and branded similarly to a non-energy drink, Prime Hydration. (2d Am. Compl. ¶¶ 1, 13-20, 46-47, 63-87, 101-173, DN 77).

During discovery, the Parties disputed whether Logan Paul ("Paul") and Olajide Olayinka Williams Olatunji, more commonly known as "KSI", the part owners, co-creators, and promoters of Prime, must be designated as custodians for the search, collection, and production of text messages, internal messages, and emails from their personal electronic devices. (Mem. Op. & Order 1, DN 136). After briefing and a telephonic conference, the Magistrate Judge ordered Defendants to designate Paul and KSI as custodians for the purposes of electronic discovery and

to respond to Plaintiff's discovery requests. (Mem. Op. & Order 1, 16). Defendants objected to the Magistrate Judge's order. (Defs.' Obj., DN 138).

## II. JURISDICTION

The Court has subject matter jurisdiction based upon the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).

## III. STANDARD OF REVIEW

A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's non-dispositive order, this Court "has the authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). This Court reviews factual findings under the clearly erroneous standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). A magistrate judge's findings of fact are "clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . ." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). This Court reviews the Magistrate Judge's legal conclusions under the contrary to law standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.* (citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

Review under this standard "provides considerable deference to the determinations of magistrates." *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2025 WL 1146666, at *1 (M.D. Tenn. Jan. 17, 2025) (internal quotation marks omitted) (citations omitted). Magistrate judges "have broad discretion to regulate nondispositive matters." *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)). Reversal is warranted only if that discretion is abused. *Id.*; *see also* 12 *Wright & Miller's Federal Practice & Procedure* § 3069 (3d ed. Apr. 2026 update) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## IV. <u>DISCUSSION</u>

The scope of discovery is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Courts determine proportionality by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* A party may serve on another party a request for items, within the scope of Fed. R. Civ. P. 26(b), that are "in the responding party's possession, custody, or control . . . ." Fed. R. Civ. P. 34(a)(1). If a party fails to respond, the requesting party may move to compel a response. Fed. R. Civ. P. 37(a)(3)(B).

### A. <u>Possession, Custody, or Control via Agency</u>

Defendants argue that "[t]here simply is no authority—and neither the Magistrate nor the Plaintiffs points to any—for the Magistrate's conclusion that a non-party's status as an agent of a

party determines the party's control over the non-party for purposes of discovery."[1] (Defs.' Obj. 5-6). The Order states: "Courts may rely on the federal common law of agency to determine whether a party has the 'legal right' or 'practical ability' to obtain documents from a third party under Rule 34." (Mem. Op. & Order 11). While the Magistrate Judge does not provide any citation for this conclusion, it is not contrary to law. "Indeed, some courts have already looked to agency concepts when applying Rule 34." The Sedona Conference, *The Sedona Conference Commentary on Rule 34 and Rule 45 "Possession, Custody, or Control*," 17 Sedona Conf. J. 467, 536 (2016); *see Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008) ("The courts also have held that documents in the possession of a party's agent—for example, an attorney—are considered to be within the party's control." (citations omitted)); *JPMorgan Chase Bank, N.A. v. KB Home*, No. 2:08-CV-1711-PMP-RJJ, 2010 WL 1994787, at *5 (D. Nev. May 18, 2010) ("In determining whether a party has control for purposes of a Rule 34 request, the court looks at the relationship between the parties. Here, JPMorgan is the Administrative Agent authorized to bring suit on behalf of the current debt holders and original lenders to enforce a Credit Agreement. This agency relationship is sufficient to find control for purposes of Rule 34."); *Rosie D. v. Romney*, 256 F. Supp. 2d 115, 119 (D. Mass. 2003) ("As used in Rule 34, the concept of 'control' exists where a party has a legal right to obtain documents. Such 'control' may be established by the existence of a principal-agent relationship . . . ." (internal citation omitted)).[2]

---

[1] The Court notes that Defendants misidentify Magistrate Judge Edwards as a "Magistrate" in their objection. "The title *magistrate* no longer exists in the U.S. Courts . . . ." *O'Dell v. Hope Network W. Mich./Mich. Educ. Corps*, No. 20-CV-11192, 2022 WL 866394, at *3 n.2 (E.D. Mich. Mar. 23, 2022). Defendants are reminded to use the correct title—Magistrate Judge—when referring to Magistrate Judge Edwards.

[2] Plaintiffs quote *Rose* in their memorandum regarding the discovery dispute: "That legal right 'may be established by the existence of a principal-agent relationship.'" (Pls.' Mem. Disc. Dispute 5, DN 136-1 (quoting *Rosie D. v. Romney*, 256 F. Supp. 2d 115, 119 (D. Mass. 2003))).

Defendants also criticize the following conclusion in the Order:

> By establishing an agency relationship between Prime and Paul/KSI, Plaintiffs have equally demonstrated that Prime, under either the legal right or practical ability standard, can obtain the relevant documents from Paul and KSI. *See Bardin v. Nissan Motor Co., Ltd.*, No. 1:21-CV-00144-GNS-HBB, 2022 WL 2916687, at *1 (W.D. Ky. July 25, 2022) (citing *McGraw-Hill Global Educ., LLC v. Jones*, No. 5:14-CV-42-TBR-LLK, at *6 (W.D. Ky. Aug. 28, 2015) ("The requesting party bears the burden of establishing the relationship between the producing party and the party having possession of the documents that demonstrates the ability to control production of the documents.")). That the [*Agrovana, LLC v. Congo Brands LLC, et al.*, No. 24-12400-FDS, at 4-5 (D. Mass. Feb. 6, 2026))] court already found Paul and KSI should be custodians in searches of documents in a separate action against Prime fortifies this conclusion.

(Mem. Op. & Order 13; Defs.' Obj. 6). Defendants first assert that neither *Bardin* nor *McGraw-Hill* support this conclusion because the cases do not discuss agency. (Defs.' Obj. 6-8). This misses the point, as the cases are cited for the proposition that the Plaintiffs have the burden of proof. Defendants then argue that the Magistrate Judge "mischaracterizes and misapplies the ruling in *Agrovana*" because the case only dealt with company documents, not Paul and KSI's personal devices or accounts. (Defs.' Obj. 8-9). The Magistrate Judge, however, acknowledged that distinction, yet still found persuasive the *Agrovana* court's determination that searches should include Paul and KSI as custodians. (Mem. Op. & Order 6-7). The Order's reliance on *Agrovana* is not determinative of its outcome, nor is it contrary to law.

**B. <u>Agency</u>**

Defendants argue that Paul and KSI are not agents of Prime, and that the Magistrate Judge's analysis "ignores altogether the essential element of control." (Defs.' Obj. 9). "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control,

---

Thus, Defendants' claim that Plaintiffs do not provide any citation supporting the Magistrate Judge's conclusion regarding agency is inaccurate.

and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (2006). The Magistrate Judge determined that an agency relationship has been established on the basis of apparent authority and ratification. (Mem. Op. & Order 11-13). This is not contrary to law. *N.L.R.B. v. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC, Loc. 745*, 759 F.2d 533, 534 (6th Cir. 1985) ("Agency may be found to exist on the basis of actual authority, ratified authority or apparent authority."); *see Jewell v. Magnolia Bank, Inc.*, No. 3:23-CV-78-RGJ, 2024 WL 203972, at *3 (W.D. Ky. Jan. 18, 2024). Nor is the Magistrate Judge's conclusion clearly erroneous, as Prime, Paul, and KSI's online activity support this finding. (*See* Mem. Op. & Order 12).

**C. Legal or Practical Control**

Defendants argue that the Magistrate Judge did not take the Defendants' inability to control Paul and KSI into account. (Defs.' Obj. 10). "In the absence of any indication otherwise, the Court is bound to accept" a party's representation "that it does not have possession, custody or control of the requested documents." *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 416 (W.D. Ky. 2015). In this instance, however, there is "indication otherwise"—the agency relationship—so the Magistrate Judge's analysis is not contrary to law.

**D. Alternative Limitation**

In the alternative, Defendants argue that the scope of the Magistrate Judge's Order should be narrowed because some of Paul or KSI's communications may be duplicative of communications produced by company custodians. (Defs.' Obj. 11). Defendants do not propose any limiting language nor cite any case law establishing that the Order is contrary to law. (Defs.' Obj. 11). Defendants' request to narrow the scope of the Order is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Objection to the Magistrate Judge's July 13, 2026, Memorandum Opinion and Order (DN 138) is **DENIED**.

2. Plaintiffs' Motion for Leave to Respond to Defendants' Objection (DN 142) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
August 21, 2026

cc: counsel of record